UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON CHISM, *et al.* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-16-3343 |
| CONTINENTAL COLLECTION AGENCY, LTD, *et al.* | § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the court is a motion for clarification filed by defendants Continental Collection Agency, Ltd. and Nathan Twedt ("Defendants"). Dkt. 44. Specifically, Defendants seek to clarify the court's order (Dkt. 43) that denied their motion to dismiss Stacy and Jason Chisms' claims (Dkt. 15). *Id.* In that order the court found that it has specific jurisdiction over the Defendants. Dkt. 43 at 10. The court also found its exercise of specific jurisdiction to be constitutional. *Id.* at 13.

Defendants argue that the court failed to address an issue they raised: "whether it would violate the Constitution's Due Process and Full Faith & Credit Clauses to allow Plaintiffs' claim pursuant to Texas law to proceed." Dkt. 44 at 2. Defendants ask the court to clarify whether, and if so how, the Chisms' Texas Debt Collection claim complies with Due Process and Full Faith & Credit Clauses. *Id.* In short, Defendants ask the court to reconsider this as a legally distinct ground for dismissing the TDCA claim.

Defendants' Due Process and Full Faith & Credit Clause arguments cannot be separated from their broader attack on personal jurisdiction. Dkt. 15-1 at 11. Specifically, Defendants' argued that applying the TDCA would violate those clauses *because* Defendants lacked contacts with Texas.

*Id.* at 11-12. The court's finding that Defendants have sufficient contacts with Texas to give rise to specific jurisdiction squarely addressed that argument. Dkt. 43 at 10, 13 (applying *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S.Ct. 1773, 1779 (2017)). Further, the court's exercise of specific jurisdiction is constitutional *because* of the sufficient connection between the Chisms' claim (TDCA violation) and Defendants' contacts with Texas (letters, phone calls, and service of process). *See id.* Accordingly, the court's application of TDCA does not violate the Due Process or Full Faith & Credit clauses. Therefore, Defendants' motion to clarify is GRANTED in part (Dkt. 44) and their motion to dismiss (Dkt. 15) is DENIED on all grounds.

Signed at Houston, Texas on December 18, 2017.

_____
Gray H. Miller
United States District Judge